**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-35225 |
| Plaintiff-Appellee, | D.C. Nos. 3:19-cv-01850-SI |
| v. | 3:13-cr-00557-SI-1 |
| STEVEN DOUGLAS ROCKETT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 4, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Appellant Steven Rockett was convicted by a federal jury of eight counts

relating to the possession, production, and attempted production of child

pornography. We affirmed the convictions on direct appeal. *United States v.*

*Rockett*, 752 F. App'x 448 (9th Cir. 2018), *cert. denied sub nom. Rockett v. United*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*States*, 140 S. Ct. 484 (2019). Rockett now appeals the district court's denial of his 28 U.S.C. § 2255 motion, raising one certified issue: whether his trial counsel was constitutionally ineffective for failing to challenge count one of the second superseding indictment as vague and duplicative.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial of relief.

Rockett argues that his trial counsel were ineffective because they did not move to dismiss count one of the indictment as vague and duplicative. To show ineffective assistance of counsel, Rockett must satisfy both prongs of *Strickland v. Washington* and demonstrate that: (1) his counsel's performance was deficient and (2) he suffered prejudice as a result. 466 U.S. 668, 687-88 (1984).

Rockett argues that count one is impermissibly vague because it alleges a wide date range, fails to state the specific location outside of the United States where criminal activity allegedly occurred, and fails to state the identity and age of the alleged victims. An indictment must state "the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend, and to enable him to plead double jeopardy." *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "An indictment that tracks the words of the statute violated is generally

---

[1] Rockett also raises two uncertified issues in his opening brief. We construe this briefing as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e).

sufficient" unless the offense includes "implied, necessary elements, not present in the statutory language." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). Here, count one tracks the language of 18 U.S.C. § 2251(c) and includes all of the elements of the offense. We reject Rockett's argument that the identity and age of the alleged victim(s) are "implied, necessary elements" of 18 U.S.C. § 2251(c). Rockett cites no authority holding that identity and age are "implied, necessary elements" of 18 U.S.C. § 2251(c) and offers no reason for us to conclude that they are. Because count one states the offense charged against Rockett with sufficient specificity, his counsel did not perform deficiently by failing to raise a vagueness challenge.

In the alternative, Rockett argues that his trial counsel was deficient for failing to move to dismiss count one as duplicative. Rockett cannot "overcome the presumption that, under the circumstances," the failure to raise a duplicity challenge "'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Rockett does not dispute that the government could have sought to cure any duplicity issue by seeking a third superseding indictment charging count one as multiple offenses, each of which would carry a 15-year mandatory minimum sentence. Because a successful challenge to count one based on duplicity risked exposing Rockett to additional charges, his counsels' decision to not raise the issue can be considered sound trial

3

strategy.

Because Rockett fails to show that his counsel performed deficiently under *Strickland*'s first prong, we affirm the district court's denial of his § 2255 petition.

**AFFIRMED.**